IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. CCB-19-576 |
| DAMONT BROWN | : | |

**MEMORANDUM AND ORDER**

Damont Brown is indicted on a single count of possession with the intent to distribute controlled dangerous substances. ECF 9. A detention hearing was conducted on December 2, 2019 and I found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the public. ECF 7-8. I made specific findings both on the record and in writing after hearing arguments of counsel, and evaluating the factors set forth in the Bail Reform Act, 18 U.S.C. 3142(g). ECF 8. On March 26, 2020, Defendant moved for reconsideration. ECF 20. Defendant filed an Emergency Motion of Reconsideration on March 28, 2020, adding some additional facts. Counsel supplemented the motion in two filings, ECF 22-23. On March 31, 2020, the government filed a response, objecting to the motion. ECF 24. Counsel for Defendant filed a Reply on the same date. Counsel sent an email to chambers on March 31, 2020 at 11:21 a.m., copying government counsel, that he had just spoken to Defendant who complained of a headache, and his chest hurting. Counsel indicated that Defendant did not notify anyone at CTF where he is housed, in fear of being put in lockup and not being able to contact counsel. The parties have fully briefed the issues and there is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not as vigorously challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. To the extent he does challenge the previous fact-finding of the Court, the Court DENIES the motion and adopts its findings of fact and ruling that Defendant failed to rebut the presumption for detention. Defendant has four prior convictions for drug trafficking offenses.

Defendant committed the offense while on supervision and has failed to respond to supervision in the community. The Defendant was seen coming and going from a stash house where an executed search warrant recovered two firearms and an amount of controlled substances. Defendant's residence was also the target of a search warrant and controlled substances was recovered from his residence. As stated previously, Defendant failed to present sufficient evidence to rebut the presumption and in light of these findings and more detailed findings made on the record, the Court detained Defendant and the Court now DENIES reconsideration based upon the factors set forth in the Bail Reform Act, 18 U.S.C. 3142(g).

The Defendant alleges that the current outbreak of COVID-19 and positive tests of specific detainees at CTF where he is housed, demonstrate that Defendant is himself at a higher risk of infection while detained. In his email to chambers, Counsel now states that Defendant has a headache and pain in his chest. Specifically, counsel stated that Defendant has not reported these symptoms, which could be consistent with COVID-19, to anyone. Defendant offers the alternative of home confinement to safeguard his health. Counsel also argues that the Court has authority to temporarily release Defendant under 18 U.S.C. 3142(i). The Court disagrees with counsel's argument that 3142(i) permits temporary release under these circumstances. That section of the Bail Reform Act relates to temporary release to the U.S. Marshals or other authority for situations such as funeral attendance or other limited specific reasons, not the pandemic outbreak of COVID-19. Instead this Court will make an individualized assessment of risk of public safety, taking into account all of the 3142(g) factors along with the "change of circumstances" brought about by COVID-19.

In evaluating the COVID-19 change of circumstances, I am guided by other opinions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Opinions, and most recently *United States v. Malik Gibson-Bey,* RDB 19-563, which specifically addressed the issue of the FOP Press Release concerning the District of Columbia Department of

Corrections. I fully adopt the reasonings and rulings of those Memorandum Opinions and incorporate them into this Memorandum Opinion as to Damont Brown.

There is no new evidence presented to this Court that rebuts the presumption for detention of this Defendant nor ensures the safety of the community. The findings made pursuant to the Court's original order of detention on December 2, 2019 remain unchanged by argument of counsel. In weighing the evidence presented by the government as to the response of CTF to the COVID-19 outbreak, I find that releasing Defendant to home detention with Pretrial Supervision by clear and convincing evidence does not ensure the safety of the public. The new circumstances of COVID -19 are but one factor to consider. I have fully considered the impact of COVID-19. The risk factors Defendant presents (being present on a cell block or tier where there was an alleged positive tested detainee) do not outweigh the factors I have previously found requiring his continued detention.

Notably, I find it very troubling that Defendant has advised counsel that he has headaches and his chest hurts but has not advised anyone at CTF. There is no way of knowing whether Defendant's symptoms are related to COVID-19. The Defendant does not present any evidence of his exposure and the Court does not know whether Defendant was tested. What concerns the Court is that his failure to advise CTF places Defendant and everyone who has contact with him at risk if he is in fact COVID positive. It goes without saying that releasing Defendant into the community with nothing but minimal supervision with little monitoring poses an additional risk to Defendant and the safety of the public. Defendant has proffered no evidence of proposed living conditions, who else is present in the home, whether personal quarantine is even possible and just how Defendant would comply with ever changing CDC guidelines.

In addition, as to home detention, I have been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel. The methods Defendant proposes are not readily available during this pandemic response. While other technologies exist and are being explored, based upon all of the evidence

presented to the Court, even if another method was available this Defendant is not a candidate for home detention.

Accordingly, the motion (ECF 20-21) is DENIED. So Ordered this 1st day of April, 2020.

_____/s/_____
A. David Copperthite
United States Magistrate Judge