IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-19-576 |
| | * | |
| DAMONT BROWN | | |

*******

**<u>MEMORANDUM AND ORDER</u>**

Federal detainee Damont Brown has filed a second motion for review of detention order (ECF 27), which will be treated as an appeal from the orders entered by Magistrate Judge David Copperthite detaining Brown on December 2, 2019, (ECF 8) and denying Brown's request for review based on changed circumstances (COVID-19), (ECF 26). The motion has been fully briefed, the entire record will be considered, and, for the reasons set forth below, the motion will be denied.

Preliminarily, the court adopts the reasoning of Judge Paul W. Grimm in *United States v. Martin*, No. CR PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) and notes the many opinions also following *Martin*. An individualized *de novo* assessment of the factors set forth by the Bail Reform Act, 18 U.S.C. § 3142(g), is the starting point.

Brown is charged by indictment with possession with intent to distribute a quantity of heroin. As indicated in Judge Copperthite's original detention order, there is a presumption that there are no conditions or combination of conditions that would adequately secure the safety of the community. Further, Brown has four prior felony drug convictions since 2013. Narcotics (heroin and fentanyl) were recovered during a search of his residence; narcotics (heroin, fentanyl, and cocaine) were recovered during a search of a stash house he had visited within the past month, together with two loaded firearms. Significantly, he was on supervision from one of

1

his prior drug convictions at the time of this alleged offense.[1]  Brown has offered nothing that sufficiently rebuts the presumption in the face of the strong evidence of the risk he poses to community safety.

Brown now argues for release based on his underlying health condition (asthma, as proffered by Brown and his mother) and the circumstances relating to the COVID-19 outbreak at the DC Jail/Correctional Treatment Facility ("CTF) where he is detained.  The court notes that there is conflicting information about the circumstances at CTF (*e.g.*, the number of positive tests for COVID-19, adequacy of protection for correctional officers, and use of quarantine procedures) which are difficult to resolve with any precision.  *See United States v. Bey*, RDB-19-563, ECF 26 at 3 (D. Md. March 31, 2020) (Order by Magistrate Judge J. Mark Coulson).  Such circumstances must be taken into account but are not necessarily determinative in an individual case.  As to Brown specifically, the court appreciates that, contrary to prior information, he did in fact put in a sick call request last week.  There is nothing in the record to indicate that he did not receive appropriate treatment based on his symptoms.

Brown's concern and that of his family and counsel are understandable. But, by clear and convincing evidence, his current circumstances at CTF do not rebut the presumption against his release based on danger to the community given the seriousness of the offense, the strength of the evidence, his prior record, and the absence of a secure alternative.

---

[1] The government suggests there may be a detainer against Brown for an alleged violation of probation, but the court does not have evidence of this.

Accordingly, the second motion for review of detention order (ECF 27) is Denied.  So Ordered this  7th day of April, 2020.

                                        /S/
                              _____
                              Catherine C. Blake
                              United States District Judge